O

1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   DERRICK L. HANFORD,              )   Case No. ED CV 15-2083-JGB (SP)
                                      )
12              Plaintiff,            )   MEMORANDUM AND ORDER
                                      )   DISMISSING ACTION FOR FAILURE
13        v.                          )   TO PROSECUTE
                                      )
14   JOSE CASTRO, et al.,             )
                                      )
15              Defendants.           )
                                      )
16   _____ )

17

18                              **I.**

19                        **PROCEEDINGS**

20        On October 9, 2015, plaintiff Derrick L Hanford, proceeding pro se and in forma

21   pauperis, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleges

22   San Bernardino Police Officers Jose Castro and Edward Lee violated his rights when they

23   arrested him and removed him from his home.

24        The Court issued its initial order in this case on October 22, 2015, in which the

25   Court advised plaintiff it was screening the complaint pursuant to 28 U.S.C. § 1915(e)(2).

26   In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the

27   Court screened the complaint for purposes of determining whether the action was

28   frivolous or malicious, or failed to state a claim on which relief might be granted, or

sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim. Specifically, the Court found the complaint: (1) fails to state a cognizable claim based on defamation; (2) cannot state a claim based on a criminal violation; and (3) may contain duplicative claims for relief light of the complaint filed by plaintiff against the same defendants in case number ED CV 15-2216. Accordingly, on April 27, 2016, the Court issued an Order dismissing the complaint with leave to amend. If plaintiff wished to pursue this action, he was ordered to file a First Amended Complaint by May 27, 2016, curing the identified deficiencies. The Order expressly admonished plaintiff that, if he failed to timely file a First Amended Complaint, the Court may recommend that this action be dismissed.

Plaintiff failed to file a First Amended Complaint by the May 27, 2016 deadline. Accordingly, on July 5, 2016, the Court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed For Failure to Prosecute ("OSC"). Plaintiff was ordered to respond to the OSC by July 26, 2016, and either show cause why the action should not be dismissed. The Court informed plaintiff he could also discharge the OSC by filing a First Amended Complaint or a Notice of Intent Not to Amend Complaint by July 26, 2016. The Court cautioned plaintiff that his failure to timely respond to the OSC will be deemed by the Court as consent to the dismissal of this action.

Plaintiff did not file a First Amended Complaint or otherwise respond to the OSC by the July 26, 2016 deadline as ordered. In fact, the Court has not received any response or other communication from plaintiff since the filing of the Complaint.

## II.

## DISCUSSION

The complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's April 27, 2016 Order Dismissing Complaint With Leave to

Amend. When plaintiff failed to file an amended complaint, the Court issued an OSC giving him an opportunity to show cause for his failure to prosecute or to discharge the OSC by filing a First Amended Complaint or Notice of Intent Not to Amend Complaint, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent to the dismissal of this action. Plaintiff has failed to file a First Amended Complaint remedying the original complaint's deficiencies, and has failed to respond to the OSC by the deadline to do so. Plaintiff's failure to file a First Amended Complaint, or to otherwise respond to the Court's July 5, 2016 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed and failed to respond to the Court's July 5, 2016 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly

3

1  allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*,
2  291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being
3  subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does
4  not intend to litigate this action diligently, or at all. Thus, the first and second factors
5  weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th
6  Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors
7  dismissal.").

8       A rebuttable presumption of prejudice to defendants arises when a plaintiff
9  unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53
10  (9th Cir. 1994). Although the defendants here have not yet been served and the pendency
11  of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291
12  F.3d at 642), nothing suggests that the presumption of prejudice to defendants is
13  unwarranted here. Where a party offers a poor excuse for failing to comply with a court's
14  order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*,
15  191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply
16  with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that
17  witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at
18  643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917
19  (1968)). Thus, the third factor also weighs in favor of dismissal.

20       It is a plaintiff's responsibility to move a case toward a disposition at a reasonable
21  pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942
22  F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint, and to
23  respond to the Court's July 5, 2016 OSC, plaintiff has not discharged this responsibility.
24  In these circumstances, the public policy favoring resolution of disputes on the merits
25  does not outweigh plaintiff's failure to comply with court orders or move the case
26  forward.

27       The fifth factor, the availability of less drastic sanctions, ordinarily counsels
28  against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing

4

the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) cautioning plaintiff in its April 27, 2016 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (2) after plaintiff's deadline to file a First Amended Complaint passed, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action; and (3) waiting more than a month beyond the deadline to respond to the OSC before issuing this order. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to prosecute and to obey court orders.

//

//

//

## III.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: _August 30_____, 2016

_____

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

6